## MACOMB AND BOUCK *against* THOMPSON.

THIS was an action of covenant. The declaration contained five counts. The first count stated, that the plaintiffs had caused actions of ejectment to be commenced in the supreme court, on the demise of themselves and two other persons, against the defendant and six other persons, for land in the town of *Schoharie,* being land in the possession and occupancy of the defendant, and the other six persons, as his tenants; that while these suits were depending, to wit, on the 22d of *September,* 1813, by certain articles of agreement, made between the plaintiffs and the defendant, the defendant admitted and acknowledged thereby that the plaintiffs had the legal title to the lot of land hereinafter mentioned, in the patent to *Lawyer, Zimmer,* and others, and the parties agreed, that *Archibald Croswell, John Adams,* and *Jabez D. Hammond,* should determine under their hands, or the hands of any two of them, on or before the 10th of *June*

*Where by articles of agreement it was submitted to arbitrators, to determine which the defendant should pay to the plaintiff, for certain land, the title of which the defendant acknowledged to be in the plaintiff, and which the defendant occupied or claimed, such amount, on being ascertained to be paid, or secured to be paid by the defendant to the plaintiff, and the land to be conveyed to the defendant, and the arbitrators awarded the land to he conveyed to the defendant, and that he*

should pay the plaintiff, or secure to be paid, a certain sum; in an action for a breach of the covenant, in not paying, or securing to be paid, the sum awarded: a plea, that the defendant did not *occupy* the land which was the subject of the award, is bad not being co-extensive with the articles of agreement, on which the plaintiff declared, and which applied to the land that the defendant claimed, as well as what he *occupied.*

Where in a declaration in covenant, the covenant is set forth *in hæc verba,* concluding with *sealed and delivered,* &c. and the name of the covenantor with the letters L. S., but it is nowhere else alleged that it was sealed, the declaration is bad on general demurrer.

then next, the sum that the defendant should pay under all the circumstances of the case, for the lands so occupied, or claimed by the defendant, and also for costs, which sum should be payable with lawful interest, in four equal yearly instalments, to be secured by bond and mortgage on the said lot of land, or the money be paid within ten days after the appraisement, as the defendant should elect, and that the plaintiffs should, with their wives, in consideration of such sum so to be ascertained and secured, convey such lot of land, occupied, or claimed by the defendant, to him in fee : that the arbitrators undertook the trust, and did, on or before the time limited in the articles of agreement, to wit, on the 19th of *May*, 1814, by writing under their hands, award that the plaintiffs, and their respective wives, convey to the defendant lot No. 3, in the first allotment of *Lawyer* and *Zimmer's* patent, and that the defendant, in consideration thereof, secure, by bond and mortgage, to the plaintiffs, or either of them, the sum of 3,698 dollars 78 cents, of which 3,234 dollars was the value of the land, and the sum of 465 dollars and 78 cents, for the taxed costs in the actions of ejectment. The plaintiffs averred that they executed a deed, and tendered the same to the defendant, according to the articles of agreement, which he refused to accept, and required the defendant to pay them the said sum of money, or secure the amount, and assigned the breach in his not paying or securing the same. The second, third, and fourth counts were, as far as respects the point decided by the court, the same with the first.

The fifth count commenced with reciting, that certain other articles of agreement were made and concluded on the 22d of *September*, 1813, between the plaintiffs of the one part, and the defendant, *Benjamin Wilber*, and a number of other persons of the other part, at &c., the date whereof is on the same day and year last aforesaid, in the words and figures following, to wit : the agreement is then set out *in hæc verba*, concluding with the words *sealed and delivered*, &c., which was executed by the defendant for himself and six others, as his tenants ; and to the names of the covenantors were annexed scrawls, inclosing the letters L. S. ; but there was no allegation in the declaration itself, that the defendant sealed the agreement, nor was there a profert of the agreement; it then recited that the arbitrators took upon themselves the burthen of the award, and on the 19th of *May*, 1814 made their award in writing, under their hands and seals, in the words

and figures following, to wit : here the award was set forth *in hæc verba*. The plaintiffs then averred an offer to execute a deed to the defendant, and a tender of a draft of a conveyance to him for his approbation, but that the defendant discharged the plaintiffs from executing any deed ; and that the plaintiffs required the defendant to pay the sum awarded, or secure the amount thereof, and assigned a breach in his not paying the money, or securing the same.

The defendant, after oyer of the articles of agreement and award, pleaded to the four first counts of the declaration, that at the time of making the articles of agreement, or the award, he did not occupy the whole of lot number three, in the first allotment of *Lawyer* and *Zimmer's* patent. To the fifth count he demurred generally, and the plaintiffs joined in demurrer. And the plaintiffs demurred generally to the defendant's plea, who joined in demurrer.

*J. V. N. Yates*, in support of the demurrer.

*S. A. Foot*, contra.

*Per Curiam.* The declaration in this case is on articles of agreement entered into between these parties, relative to submitting to arbitration certain disputes touching some land *occupied* or *claimed* by the defendant. By this agreement the plaintiffs' title is acknowledged ; and the question submitted to the arbitrators was, how much should be paid for the land. The defendant signed for himself and six other persons, as his tenants ; and, by the award, the arbitrators directed the plaintiffs to convey to the defendant the whole of lot No. 3. The declaration avers that this was *claimed* or *occupied* by the defendant. To the four first counts in the declaration, the defendant pleads, that he did not *occupy* the whole of lot No. 3. To this plea there is a demurrer, because the defendant says that he did not *occupy* said lot, whereas he should also have pleaded that he did not *claim* said lot. The plea is, in this respect, defective. The articles of submission extend to all the land *occupied* or *claimed* by the defendant; and the declaration avers, that the whole of lot No. 3 was occupied or claimed by the defendant. If this was denied, the plea should have been as broad as the sub-

NEW-YORK,
May, 1817.

MACOMB
v.
THOMPSON.

mission and the averment in the declaration. The plaintiffs are, therefore, entitled to judgment on this demurrer.

The defendant demurs to the fifth count, and the cause of demurrer is, the want of an averment that the agreement was sealed. This, in the case of the same plaintiffs against *Wilber*, decided this term,(a) has been considered good cause of demurrer; and the defendant is, therefore, entitled to judgment thereon.

Judgment accordingly.

(a) S. P. *Van Santvood* v. *Sandford*, 12 *Johns.* Rep. 197.